UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITO REYES,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>J. SINGH, et al.,<br><br>　　　　Defendants. | 1:11-cv-00362-LJO-GSA-PC<br><br>ORDER DENYING DEFENDANTS'<br>MOTION TO STRIKE<br>(Doc. 27.)<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION TO COMPEL<br>(Doc. 26.) |

**I.   BACKGROUND**

Benito Reyes ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's original Complaint, filed on March 3, 2011, against Dr. Chinyere Nyenke and Nurse Rose Martinez ("Defendants"), for inadequate medical care in violation of the Eighth Amendment.[1] (Doc. 1.)

On February 24, 2014, the Court issued a Scheduling Order establishing a deadline of October 24, 2014, for the parties to complete discovery, including the filing of motions to

---

[1] On June 13, 2013, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim under § 1983. (Doc. 17.)

compel. (Doc. 20.) The Scheduling Order required the parties to serve responses to written discovery requests within forty-five days after the request is first served. (Id. ¶2.)

On July 14, 2014, Plaintiff filed a motion to compel production of documents from Defendants. (Doc. 26.) On July 23, 2014, Defendants filed an opposition to the motion. (Doc. 27.) On August 4, 2014, Plaintiff filed a reply to the opposition. (Doc. 28.)

Plaintiff's motion to compel is now before the court.

## II.    MOTION TO COMPEL

### A.    Federal Rules of Civil Procedure 26(b), 34, and 37(a)

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ─ including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.[2]  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev. 1998) quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev. 1991). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 181 F.R.D. at 472; Allen v. Woodford, No. CV–F–05–1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61

---

[2]"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

F.3d 465, 469 (6th Cir.1995)); accord Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D.Cal. Mar. 19, 2010).

Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(E)(I).

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

**Parties' Positions**

Plaintiff requests a court order compelling Defendants to produce the documents requested in Plaintiff's First Request for Production of Documents ("RFP"), which consists of eight Requests. Plaintiff has re-stated the eight Requests for the court's review and submitted exhibits including Defendants' Responses, Defendants' Amended Responses, and letters exchanged between Plaintiff and counsel for Defendants attempting to resolve discovery issues concerning the RFP's. Plaintiff asserts that on March 17, 2014, he served Plaintiff's First RFP upon Defendants' counsel. (Declaration of Benito Reyes, Doc. 26 ¶3, Exh. A.) On May 1, 2014, Defendants served their Responses and Objections to the RFP. (Id. ¶4, Exh. B.) The parties then exchanged letters, and Defendants responded by producing ten pages of documents in response to RFP No. 1, and by serving Amended Responses upon Plaintiff on June 6, 2014.

(Id. ¶¶5-7, Exhs. C, D, E.)  The parties again exchanged letters, and on June 25, 2014, Defendants informed Plaintiff that they would provide him a copy of his medical records, as requested, but that they stood by their objections to RFP's Nos. 4 and 5.  (Id. ¶¶8, 9, Exhs. G, H.)  Plaintiff seeks to compel Defendants to produce documents in response to all eight of his RFP's, arguing that Defendants made objections to every request, some which were boilerplate objections, and only provided ten pages of responsive documents.  Plaintiff argues that Defendants' objections on the grounds of privilege do not apply, because Plaintiff did not seek privileged information.  Plaintiff also asserts that Defendants failed to provide a privilege log.  Plaintiff asserts that he has followed all court rules and provided over two hundred responsive documents to Defendants, in spite of his indigence and limited resources, and argues that Defendants are not taking Plaintiff's requests seriously or producing documents responsive to RFP No. 7 as they indicated they would.

Defendants object to Plaintiff's motion to compel on the ground that only two of Plaintiff's requests are at issue, but the motion to compel is vague on the matter and seems much broader.   Defendants also object on the ground that Plaintiff failed to comply with Local Rule 251, in that he made no effort to obtain a Joint Statement re Discovery Disagreement.  Defendants argue that Plaintiff's motion is premature and request that it be stricken by the court.

Plaintiff replies that he attempted more than once to resolve the discovery disputes, and that he understood from the court's Scheduling Order that Local Rule 251 does not apply to this case.  Plaintiff argues that Defendants are incorrect that there are only two requests at issue, because Plaintiff seeks to compel further responses to every request to which Defendants objected, asserting that some of Defendants' objections are boilerplate objections.  Plaintiff acknowledges that since he filed the motion to compel, Defendants have produced copies of Plaintiff's medical records in response to RFP No. 6; however, Plaintiff believes there are more documents responsive to his requests that are not privileged and have not been produced.

///

///

**Discussion**

First, Defendants are incorrect that Plaintiff is required to comply with Local Rule 251, which requires the parties to confer and attempt to resolve their discovery disputes and prepare a Joint Statement re Discovery Disagreement before filing a motion to compel.  As stated in the court's Scheduling Order issued on February 24, 2014, "[u]nless otherwise ordered, Local Rule 251 shall not apply" to this action.  (Doc. 20 ¶5.)  Therefore, Defendants' motion to strike Plaintiff's motion to compel as premature shall be denied.

Next, the court finds that Plaintiff has not met his burden of demonstrating actual and substantial prejudice from the denial of discovery.  While Plaintiff has properly submitted copies of his discovery requests at issue and Defendants' responses to the discovery requests, Plaintiff fails to inform the court, for *each* disputed response, why Defendants' responses are not justified.  It is not enough to express dissatisfaction because Defendants objected to all of the requests, because some of the objections were boilerplate objections, and because Plaintiff believes there are other responsive documents to be produced.   Plaintiff has submitted copies of letters exchanged between the parties; however, it is not the duty of the court to look through Plaintiff's exhibits to find his arguments. Plaintiff bears the burden of addressing each of Defendants' responses with clarity and specificity.  Plaintiff's motion to compel can be denied on this basis.

Nonetheless, the court has reviewed Plaintiff's RFP's and Defendants' responses and finds Defendants' responses to be sufficient.  While Defendants made objections to all of the RFP's, they also responded in RFP Nos. 1 and 3 that they produced non-privileged responsive documents in effect as of the date of the incident at issue in May 2010.  Plaintiff has acknowledged that Defendants produced ten documents pursuant to RFP No. 1.  Plaintiff also acknowledges that Defendants produced copies of his medical records, which are responsive to RFP Nos. 2, 6, and 7.  With respect to RFP's Nos. 4 and 5, the court sustains Defendants' objections on the grounds of relevance.  Plaintiff has not shown, and the court cannot find, that documents concerning another inmate's medical care at Sierra Conservation Center in Jamestown, California, are relevant to Plaintiff's claims against the Defendants arising from an

incident concerning Plaintiff at the California Substance Abuse Treatment Facility in Corcoran, California. Even so, Defendants have also responded to RFP's 4 and 5 that they made a diligent search and reasonable inquiry and found no non-privileged responsive documents. Plaintiff must accept these responses, as Defendants cannot be compelled to produce documents that do not exist. With respect to RFP No. 7, Defendants' response is not a promise to produce documents, but rather a statement that they "will produce *any responsive documents not subject to the objections*." (emphasis added.) (Doc. 26 at 31:24.) Therefore, Defendants are not required to produce documents in response to RFP No. 7 because of this statement.

For these reasons, Defendants' motion to strike and Plaintiff's motion to compel shall be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to strike Plaintiff's motion to compel is DENIED; and
2. Plaintiff's motion to compel, filed on July 14, 2014, is DENIED.

IT IS SO ORDERED.

Dated: **August 14, 2014**           **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE