UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BENITO REYES,

Plaintiff,

vs.

J. SINGH, et al.,

Defendants.

1:11-cv-00362-LJO-GSA-PC

ORDER DENYING MOTION FOR RECONSIDERATION
(Doc. 38.)

## I. RELEVANT PROCEDURAL HISTORY

Benito Reyes ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983. This action now proceeds with Plaintiff's original Complaint, filed on March 3, 2011, against defendants Rose Martinez and Chinyere Nyenke ("Defendants"), for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.[1] (Doc. 1.) On February 24, 2014, the court issued a Scheduling Order setting pretrial deadlines for the parties to this action, including a deadline of January 5, 2015, for the filing of pretrial dispositive motions. (Doc. 20.)

[1] On June 13, 2013, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (Doc. 17.)

On December 17, 2014, Defendants filed a motion for summary judgment, which is pending. (Doc. 30.) On January 9, 2015, Plaintiff filed an opposition to the motion. (Docs. 3-35.) On January 13, 2015, Defendants filed a motion for leave to file an amended motion for summary judgment after the court's January 5, 2015 deadline. (Doc. 35.) On January 16, 2015, the undersigned granted Defendant's motion, granting Defendants leave to file an amended motion for summary judgment on or before January 27, 2015. (Doc. 36.) On January 22, 2015, Defendants filed an amended motion for summary judgment. (Doc. 37.)

On January 26, 2015, Plaintiff filed an opposition to Defendants' motion to amend. (Doc. 38.) Given that Plaintiff's opposition was filed after the court issued its order granting the motion, the court treats Plaintiff's opposition as a motion for reconsideration of the order.

## II. MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations

marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff argues that Defendants' motion should be denied because (1) Defendants failed to comply with the Scheduling Order and Local Rules in submitting their motion after the deadline in question and in failing to properly file all of their evidentiary documents; (2) Plaintiff will be prejudiced because he will need to file a new opposition addressing new arguments in a whole new motion; and (3) there is no mention in the first motion for summary judgment of exhibits, raising a question whether Defendants ever meant to attach exhibits in the first place. Plaintiff argues that the parties have had ample time to file dispositive motions, and the time should not be extended. Plaintiff also argues that Defendants are acting in bad faith if their motion to amend is merely an attempt to file a new motion for summary judgment.

Defendants' motion requested time to amend the motion for summary judgment to attach exhibits which were inadvertently omitted from the initial motion. The court's order found no evidence of bad faith by Defendants, and found that Plaintiff would not be prejudiced if Defendants filed an amended motion for summary judgment, because Plaintiff would be allowed an appropriate time to oppose the amended motion. Plaintiff's argument that he is prejudiced because he will be required to file a new opposition addressing a whole new motion with new arguments is unpersuasive. Defendants stated an intention to only attach exhibits to the motion for summary judgment, not to make new arguments. The court found good cause to allow Defendants to amend their motion after the court's deadline, and Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

///

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on January 26, 2015, is DENIED.

IT IS SO ORDERED.

Dated: **January 29, 2015**

**/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE