UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITO REYES,<br><br>    Plaintiff,<br><br>    vs.<br><br>ROSE MARTINEZ and<br>CHINYERE NYENKE,<br><br>    Defendants. | USDC CASE NO. 1:11-cv-00362-LJO-EPG-PC<br><br>USCA CASE NO. 15-17177<br><br>ORDER REQUESTING REMAND AFTER AN INDICATIVE RULING PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 12.1<br><br>(ECF Nos. 47-50.)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SERVE THIS ORDER ON NINTH CIRCUIT COURT OF APPEALS |

**I.      RELEVANT PROCEDURAL HISTORY**

Benito Reyes ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this case on March 3, 2011. (ECF No. 1.) On September 28, 2015, summary judgment was entered in favor of defendants Martinez and Nyenke, and the case was closed. (ECF No. 48, 49.) On October 30, 2015, Plaintiff filed a notice of appeal to the Ninth Circuit. (ECF No. 51.)

**II.     REQUEST FOR REMAND AFTER INDICATIVE RULING BY DISTRICT COURT – FED. R. APP. P. 12.1**

It is well settled that the "filing of a notice of appeal divests the district court of jurisdiction." Gould v. Mutual Life Ins. Co., 790 F.2d 769, 772 (9th Cir. 1986). When a Rule

1

60(b) motion is filed in district court after a notice of appeal has been filed, the district court lacks jurisdiction to entertain the motion.  Katzir Floor & Designs, Inc. v. M-MLS.com, 394 F.3d 1143, 1148 (9th Cir. 2004).

Under Federal Rule of Appellate Procedure 12.1, "[i]f a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending . . . [and i]f the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal."  Fed. R. App. P. 12.1.  Thus, if the district court issues an indicative ruling – either that it would grant the motion or that there is a substantial issue – the appellate court then decides whether to remand the case for a ruling by the district court.

**Discussion**

In this case, findings and recommendations were entered on September 1, 2015, recommending that defendants Martinez and Nyenke's ("Defendants") amended motion for summary judgment be granted, closing the case.  (ECF No. 47.)  The parties were granted thirty days in which to file objections to the findings and recommendations.  (Id. at 1:5-16, 10:16-18.)  On September 28, 2015, the Court adopted the findings and recommendations, entering summary judgment in favor of Defendants and closing the case.  (ECF Nos. 48, 49.)  On September 28, 2015, Plaintiff filed objections to the findings and recommendations.  (ECF No. 50.)

Plaintiff's appeal is currently pending before the United States Court of Appeals for the Ninth Circuit as case number 15-17177.  (ECF No. 53.)  Pursuant to Plaintiff's appeal, it has come to the Court's attention that the Court entered judgment and closed this case prematurely, before the thirty-day deadline for the parties to file objections to the findings and recommendations had expired, without consideration of Plaintiff's timely-filed objections.

In light of these facts, the Court seeks to vacate the judgment under Rule 60(b) of the Federal Rules of Civil Procedure, reopen the case, and reconsider Defendants' amended motion for summary judgment, taking into consideration Plaintiff's timely-filed objections to the

findings and recommendations.  Accordingly, the Court shall request dismissal of Plaintiff's current appeal, without retaining jurisdiction, and remand of the case to the district court under Federal Rule of Appellate Procedure 12.1.

### III.    CONCLUSION

Based on the foregoing, the Court HEREBY REQUESTS the Ninth Circuit Court of Appeals to dismiss Plaintiff's current appeal, case number 15-17177, without retaining jurisdiction, and remand this case to the district court under Federal Rule of Civil Procedure 12.1(b), to allow the district court to grant relief from the judgment entered in this case pursuant to Federal Rule of Civil Procedure 60, and to allow further proceedings to be conducted in this case.

Further, the court HEREBY DIRECTS the Clerk of the Court to serve a copy of this order on the Ninth Circuit Court of Appeals.

**IT IS SO ORDERED**
**Dated: November 12, 2015**

                                        **/s/ Lawrence J. O'Neill**
                                        **United States District Judge**